UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY LEE SCHLOSS,     )<br>       Plaintiff,           )<br>                            )<br>       v.                    )<br>                            )<br>LYNNETTE ELLIS,            )<br>       Defendants.        )    | Case No. 16-CV-4137 |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013).

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff says he

was in required offender treatment with Counselor Lynnette Ellis.  Plaintiff says he was making good progress and therefore he wrote a letter to the presiding judge in his civil commitment proceeding informing the judge Plaintiff was ready to take a polygraph in order to move to Phase II of his treatment.  The judge entered an order approving the polygraph.

Plaintiff says Defendant Ellis was angry with Plaintiff for writing directly to the judge and she began to retaliate against Plaintiff by delaying his ability to advance in counseling, allowing another inmate to verbally abuse him, writing a false behavior report and ultimately indicating Plaintiff had flunked the polygraph test.  To prevail on a retaliation claim, the Plaintiff must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009).  Whether or not Plaintiff's letter addressing treatment at the facility was a protected First Amendment activity will need to be addressed by the parties.  However, for the purposes of notice pleading, Plaintiff has adequately alleged Defendant Ellis violated his First Amendment rights when she retaliated against the Plaintiff.

In his complaint, Plaintiff asks for damages as well as several forms of injunctive relief.  For instance, Plaintiff asks the Court to appoint a "Special Master or Arbiter" to resolve his complaint in a speedy manner. (Comp, p. 8).  Plaintiff has not provided a basis for this appointment, nor is it appropriate in his case.  Any other requests for injunctive relief are contingent on Plaintiff successfully litigating his claims.

**IT IS ORDERED:**

1.  Pursuant to a review of the Complaint, the Court finds that Plaintiff alleges Defendant Ellis retaliated against him based on a letter sent to the presiding judge in Plaintiff's

civil commitment proceeding. This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

   2. This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

   3. The Court will attempt service on Defendants by sending each Defendant a waiver of service.  Defendants have 60 days from the date the waiver of service is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

   4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

   5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses

appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    6.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    7.    Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    8.    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    9.    If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

    10.    **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

    11.    **The Clerk is directed to attempt service on Defendant pursuant to the standard procedures.**

Entered this 24th day of October, 2016.

s/ Joe Billy McDade

_____
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE